GARY ABBOTT PARKS
OSB #93392
Attorney at Law
Gary.parks@northwestwagelaw.com

Northwest WageLaw, LLC
9220 SW Barbur Blvd Ste 119-312
Portland OR 97219-5428
(503) 295-0431
(503) 655-8244 fax
Attorneys for Plaintiff, David Handley

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| **DAVID HANDLEY,** individually and on behalf of all others similarly situated who consent to their inclusion in this collective action.<br><br>                              Plaintiff,<br><br>    v.<br><br>**SAMSUNG ELECTRONICS AMERICA, INC**. fka SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a New York Domestic Business Corporation.<br><br>                              Defendants. | Case No.<br><br>**COMPLAINT**<br><br>FLSA COLLECTIVE ACTION<br>29 USC § 216(b)<br><br>DEMAND FOR JURY TRIAL |

**COLLECTIVE ACTION COMPLAINT**

I.       NATURE OF THE ACTION

1.       Plaintiff alleges on behalf of himself and other similarly situated current and former "Field Sales Manager" employees ("FSMs") of the Defendant, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29

COMPLAINT

**Northwest WageLaw, LLC**
9220 SW Barbur Blvd Ste 119-312
Portland OR 97219-5428
Phone (503) 295-0431  Fax (503) 655-2016

Page 1 of 10

U.S.C. §§201 et seq; (iii) entitled to declaratory relief pursuant to 28 U.S.C. §2201; and (iv) entitled to reasonable attorney's fees and costs pursuant to the FLSA.

2. Plaintiff, DAVID HANDLEY ("Plaintiff" or "Handley"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Nationwide Collective Action Complaint against Defendant, SAMSUNG ELECTRONICS AMERICA, INC. fka SAMSUNG TELECOMMUNICATIONS AMERICA, LLC ("Samsung" or "Defendant"), and states as follows:

## II. JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

4. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

5. Venue is proper in this Court because Defendant has substantial business operations within this District, and the events giving rise to the claims arose within this District.

6. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

7. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s), in that Defendant had two or more employees engaged in interstate commerce and Defendant made over $500,000 in gross sales yearly.

/// /// ///

COMPLAINT

**Northwest WageLaw, LLC**
9220 SW Barbur Blvd Ste 119-312
Portland OR 97219-5428
Phone (503) 295-0431  Fax (503) 655-2016

Page 2 of 10

/// /// ///

/// /// ///

### III. THE PARTIES

#### A. REPRESENTATIVE PLAINTIFF

8. At all times material hereto, Handley worked for Defendant as a non-exempt Field Sales Manager ("FSM").

#### B. DEFENDANT

9. At all times material hereto, Defendant was and continues to be a New York Domestic Business Corporation, with its corporate headquarters located in Ridgefield Park, New Jersey.

10. From its Ridgefield Park, New Jersey headquarters, Defendant researches, develops and markets a variety of personal and business communications products throughout North America including handheld wireless phones, wireless communications infrastructure systems and enterprise communication systems.

11. Defendant's Mobile Handset division remains the fastest growing business segment in the history of its parent company, Samsung Electronics, Ltd.

#### COVERAGE

12. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

13 At all times material hereto, Defendant was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

14 At all times material hereto, Defendant and its aforementioned subsidiaries were, collectively, and continue to be a joint enterprise "engaged in commerce," within the meaning of

COMPLAINT

Northwest WageLaw, LLC
9220 SW Barbur Blvd Ste 119-312
Portland OR 97219-5428
Phone (503) 295-0431  Fax (503) 655-2016

Page 3 of 10

the FLSA.

15. At all times material hereto (2013-2016), Defendant has simultaneous business operations in all 50 states.

16. At all times material hereto (2013-2016), Defendant and its aforementioned subsidiaries were and continue to be a joint enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

17. At all times material hereto (2013-2016), Defendant maintained an identical job description for all FSMs, and uniformly classified the FSM position as exempt from the FLSA's overtime provisions. *See* Job Descriptions, attached as **EXHIBIT A**.

18. The annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

19. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

20. At all times hereto, Plaintiffs were engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

21. The additional persons who may become plaintiffs in this action are/were employees who worked as FSMs for Defendant, who held non-exempt FSM positions similar to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods, but who did not receive proper pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

22. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

COMPLAINT

Northwest WageLaw, LLC
9220 SW Barbur Blvd Ste 119-312
Portland OR 97219-5428
Phone (503) 295-0431  Fax (503) 655-2016

Page 4 of 10

.

IV. FACTUAL BACKGROUND

23. During their employment with Defendant, Plaintiff and those similarly situated employees were not paid complete overtime compensation due to the common practice and procedures of Defendant, whereby Defendant uniformly classified, and continues to classify, all of its FSM employees as exempt from overtime under the FLSA.

24. Plaintiff and other similarly situated FSMs were all paid a salary plus non-discretionary bonuses, if they met criteria established by Defendant.

25. Plaintiff and other similarly situated FSMs all worked in excess of forty (40) hours in one or more workweeks, during the time periods relevant to the instant claims.

26. When Plaintiff and other similarly situated FSMs worked overtime hours, they were not paid any overtime premiums.

27. Thus, Plaintiff and other similarly situated FSMs have been routinely underpaid the overtime compensation they earned.

28. The additional persons who may become plaintiffs in this action are employees who held FSM positions similarly to those held by Plaintiff, who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods and were subject to the same illegal pay practices and procedures.

29. Contrary to the requirements of the FLSA, Defendant failed to keep any record of the hours Plaintiff worked, or of the hours worked by any of its similarly situated FSMs.

30. From three years prior to the initiation of this action, and continuing to the present, Defendant failed and continues to fail to compensate Plaintiffs and other similarly situated FSMs at a rate of one and one-half times their regular rate for all hours worked in excess

COMPLAINT

**Northwest WageLaw, LLC**
9220 SW Barbur Blvd Ste 119-312
Portland OR 97219-5428
Phone (503) 295-0431  Fax (503) 655-2016

Page 5 of 10

of forty (40) hours in a single work week.

31. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

32. Defendant has violated Title 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendant has failed to maintain proper time records as mandated by the FLSA.

33. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## V. COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff and the class members were all FSMs and performed the same or similar primary job duties as one another in that they provided non-exempt promotional and production-type services for Defendant.

35. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid a salary, plus bonuses, but not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

COMPLAINT

**Northwest WageLaw, LLC**
9220 SW Barbur Blvd Ste 119-312
Portland OR 97219-5428
Phone (503) 295-0431  Fax (503) 655-2016

Page 6 of 10

/// /// ///

36. Plaintiff and the class members regularly worked over 40 hours per week during the relevant period of time (2013 to date, and continuing), but Defendant failed to pay them any overtime premiums whatsoever in weeks in which they worked over 40 hours.

37. Defendant's failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that its FSMs are/were paid for overtime hours worked based on the Defendant's erroneous misclassification of its FSM employees as exempt from overtime.

38. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All Field Sales Managers (FSMs) who worked for Defendant nationwide within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks**

39. Defendant knowingly, willfully, or with reckless disregard carried out and continues to carry out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

40. Specifically, Defendant continued to carry out its illegal pattern or practice of failing to pay overtime compensation to its FSMs despite its knowledge that other companies in its industry have been sued previously and held to have violated the FLSA for exactly the same reasons alleged herein. *See, e.g., Beauford v. ActionLink, LLC,* 2013 WL 1247644 (E.D. Ark. March 27, 2013).

COMPLAINT

Northwest WageLaw, LLC
9220 SW Barbur Blvd Ste 119-312
Portland OR 97219-5428
Phone (503) 295-0431  Fax (503) 655-2016

Page 7 of 10

/// /// ///

42. Defendant has persisted in failing to pay its FSMs overtime, despite the fact that it pays FSMs through a third-party company, MOSAIC, overtime for performing virtually identical duties to Plaintiff and those FSMs comprising the putative class.

43. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

44. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

45. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

46. Defendant has failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## COUNT I

### VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

46. Plaintiff realleges and reavers paragraphs 1 through 44 of the Complaint as if fully set forth herein.

47. From at least January 2012, and continuing to date, Plaintiff and those similarly situated to him, have worked in excess of the forty (40) hours per week for which Plaintiff was not

COMPLAINT

Northwest WageLaw, LLC
9220 SW Barbur Blvd Ste 119-312
Portland OR 97219-5428
Phone (503) 295-0431  Fax (503) 655-2016

Page 8 of 10

compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

48. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.
At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

49. To date, Defendant continues to fail to pay its FSM employees their FLSA-mandated overtime pay, despite its recognition that their position is non-exempt and they are therefore entitled to same.

50. Defendant's actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

51. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

52. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

53. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

/// /// ///

/// /// ///

/// /// //

COMPLAINT

**Northwest WageLaw, LLC**
9220 SW Barbur Blvd Ste 119-312
Portland OR 97219-5428
Phone (503) 295-0431  Fax (503) 655-2016

/// /// ///

DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands jury trial on all questions of fact and law raised by this complaint.

Dated: 05 January 2016

/s Gary Abbott Parks
GARY ABBOTT PARKS
OSB #93392
Attorney at Law
Gary.parks@northwestwagelaw.com

Northwest WageLaw, LLC
9220 SW Barbur Blvd Ste 119-312
Portland OR 97219-5428
(503) 295-0431
(503) 655-8244 fax
Attorneys for Plaintiff, David Handley

COMPLAINT

**Northwest WageLaw, LLC**
9220 SW Barbur Blvd Ste 119-312
Portland OR 97219-5428
Phone (503) 295-0431  Fax (503) 655-2016

Page 10 of 10